IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICHARD GLIDDEN, JR,                    *
                                        *
            Plaintiff,                   *
v.                                       *
                                        *
FRANK J. BISIGNANO,                     *        No. 3:25-cv-00189-JJV
Commissioner,                           *
Social Security Administration,         *
                                        *
            Defendant.                  *

**MEMORANDUM AND ORDER**

Richard Glidden, Jr., Plaintiff, has appealed the final decision of the Commissioner of the

Social Security Administration to deny his claim for disability insurance benefits and supplemental

security income.   The Administrative Law Judge (ALJ) concluded he had not been under a

disability within the meaning of the Social Security Act, because Plaintiff had the residual

functional capacity (RFC) to perform a reduced range of light work and jobs existed in significant

numbers that Plaintiff could perform despite his impairments. (Tr. 17-31.)

This review function is extremely limited.  A court's function on review is to determine

whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v.

Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only thirty-seven years old at the time of the administrative hearing. (Tr. 41.)  He is a United States Army veteran and earned a GED in school.  (Tr. 43-43.) Although he testified that he was a professional mixed martial arts fighter, the ALJ found he had no past relevant work.  (Tr. 29.)

The ALJ[1] found Mr. Glidden met the disability eligibility requirements to apply for disability insurance benefits and has not engaged in substantial gainful activity since September 21, 2022 – the alleged onset date.  (Tr. 19.)  He has "severe" impairments in the form of "status-post arteriovenous malformation right insular resection and aneurysm clip, status-post concussion, status-post L2 fracture, cervical degenerative changes, bradycardia status-post pacemaker, emphysema, seizure disorder, anxiety disorder, post-traumatic stress disorder, depressive disorder, and conversion disorder." (Tr. 20.)  The ALJ further found Mr. Glidden did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404,

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Subpart P, Appendix 1.[2]  (Tr. 20-23.)

The ALJ determined Mr. Glidden had the residual functional capacity (RFC) to perform a reduced range of light work, given his physical and mental impairments.  (Tr. 23.)  Since the ALJ determined Mr. Glidden had no past work, he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  (Tr. 59-61.)  Based in part on the testimony of the vocational expert, the ALJ determined Mr. Glidden could perform the jobs of collator operator and office helper despite his limitations.   (Tr. 30.)  Accordingly, the ALJ determined Mr. Glidden was not disabled.  (Tr. 31.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Mr. Glidden argues that the ALJ's RFC assessment was flawed. (Doc. No. 10 at 30-38.)  Specifically, Plaintiff attacks the ALJ's assessment of the severity of his headaches, dizziness, syncope, seizures, and difficulty concentrating when concluding Mr. Glidden can perform light work.  I have carefully considered his argument.  Mr. Glidden clearly suffers from some degree of limitation stemming from these impairments. But given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

As an initial matter, Plaintiff has not been the ideal patient.  He continues to smoke cigarettes despite his doctors' repeated warnings about the health consequences of smoking.  (*See e.g.,* Tr. 629.)  On several occasions, he left the hospital amid treatment against medical advice.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

(Tr. 744, 1057, 1107.)  It is well settled that failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits.  *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

I recognize that Plaintiff had a serious medical condition, arteriovenous malformation, for which he underwent surgery.  (Tr. 378-381.)  But it appears the surgery was successful.

Plaintiff's main issues come from the mental trauma from a motor vehicle accident. But Plaintiff's objective treatment records provide substantial evidence that Plaintiff can perform a reduced range of light work.  While Plaintiff expressed some subjective complaints of pain and limitation, on examination Plaintiff's doctors reported nothing that could be considered disabling. (Tr. 661-663, 669-671, 674-677, 681-683, 690-692, 704-706, 711-714, 936, 971-973, 980-981, 991-993, 998-1000, 1005-1007, 1055-1056.)

Additionally, as the Commissioner points out, Plaintiff requested and his doctors approved him lifting weights, including starting with "20 pounds with close supervision for overhead and over chest exercises." (Tr. 974.)  This is consistent with the demands of light work.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42

4

U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). I agree with the ALJ that Plaintiff is not disabled.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a reduced range of light work. In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals. And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments – including that the ALJ failed to develop the record – that I have carefully considered and found to be without merit. There is ample evidence to support the Commissioner's decision. Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. Glidden's counsel has done a commendable job advocating for him, but it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERD that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 15th day of April 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE